

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

January 8, 1965

Mr. Richard L. Coffman          Opinion No. C- 372
Administrator
Texas Employment Commission   Re: Whether the Texas Employ-
Austin, Texas                      ment Commission can law-
                                   fully contract with the
                                   Director of the Office of
                                   Economic Opportunity to
                                   test, screen, counsel, and
                                   refer applicants for the
                                   Job Corps which was created
                                   by the Economic Opportunity
                                   Act of 1964, Public Law 88-
Dear Sir:                          452

        We have received your request for opinion in regard to
the above captioned matter, and because of the complex nature
of the questions presented and the opinion herein expressed
we quote your request in its entirety:

        "The Texas Employment Commission has directed
        that I request the opinion of your office con-
        cerning whether the Commission could lawfully
        contract with the Director of the Office of
        Economic Opportunity to test, screen, counsel,
        and refer applicants for the Job Corps which was
        created by the Economic Opportunity Act of 1964,
        Public Law 88-452.

        "Enrollment in the Job Corps is limited to youths
        sixteen through Twenty-one years of age. Urban
        Job Corps centers will teach the enrollees voca-
        tional skills, while rural centers will engage in
        wildlife projects, timber conservation, and other
        projects aimed at improving the 'public natural
        resources' of the Nation. Members of the Job
        Corps will receive quarters, subsistence, travel,
        and living allowances, clothing, health services
        and, upon termination of enrollment, a 'readjustment
        allowance' of up to $50.00 for each month of satis-
        factory participation. Additional allowances may
        be paid the families of enrollees.

"While the Commission has been requested to enter into negotiations with the Office of Economic Opportunity, looking toward use of the Commission as a testing, screening, counseling, and referral agency for the Job Corps, for which services the Office of Economic Opportunity would pay the Commission an agreed amount, it appears the Secretary of Labor may raise some question concerning whether offices, equipment, and personnel who receive payment out of administrative funds granted under the provisions of Section 303a of the Social Security Act may be used in that manner. In other words, the United States Department of Labor may not agree with the proposal of the Office of Economic Opportunity to use the facilities and services of the Texas Employment Commission in this manner.

"Since this question has not arisen previously, the Commission has no departmental construction in this regard. We would point out, however, that as a part of its regular duties the Commission has for many years tested, screened, counseled, and referred the unemployed. In the past, primary emphasis has been placed on the immediate placement of the individual in employment. Recently more emphasis has been placed on the needs of those applicants who need further education and vocational training in order to be qualified for suitable employment. At the present time, the Commission is handling referrals and payment of training allowances as an agent of the United States Department of Labor under the Manpower Development and Training Act of 1962, as amended. (42 U.S.C. 2571-2620)

"The Texas Unemployment Compensation Act confers upon the Commission the general duty and authority to administer the Act. See Article 5221b-9(a) V.C.S. Section 12(a) of said Act (Art. 5221b-10(a), V.C.S.) provides in part, that the Commission shall establish and maintain free public employment offices. It might well be contended that the work which the Commission is being asked to undertake by the Office of Economic Opportunity is a proper function of a public employment service.

"We are faced with the necessity of deciding whether to enter into a contract as mentioned above within a matter of days and would therefore appreciate your urgent attention to this request."

As pointed out in your request the authority for the testing, screening, counseling and referring of the unemployed presently being conducted by the Texas Employment Commission is found in Article 5221b-10, V.C.S., viz:

"(a) Texas State Employment Service, as provided for under Act of the Forty-fourth Legislature, Regular Session, Chapter 236, page 552 (Article 5221a-2, V.C.S.) is hereby transferred to the Commission as a division thereof. The Commission, through such division, shall establish and maintain free public employment offices in such number and in such places as may be necessary for the proper administration of this Act, and for the purposes of performing such duties, as are within the purview of the Act of Congress entitled 'An act to provide for the establishment of a national employment system and for cooperation with the States in the promotion of such system and for other purposes,' approved June 6, 1933, /48 Stat. 113, U.S.C., Title 29, Section 49(c)/ as amended. It shall be the duty of the Commission to cooperate with any official or agency of the United States having powers or duties under the provisions of said Act of Congress, as amended, and to do and perform all things necessary to secure to this State the benefits of the Act of Congress, as amended in the promotion and maintenance of a system of public employment. . ."

The wording of the above quoted statute limits the establishment and maintenance of such free public employment offices by the Texas Employment Commission to activities "for the proper administration of this Act." ie, Articles 5221b-1 to 5221b-22, V.C.S., and "for the purposes of performing such duties as are within the purview" of said Title 29, U.S.C.A. 49 to 491, 48 Stat. 113, which Act of Congress sets up and governs the operation of the United States Employment Service.

There being no expressed or implied authority for such activities contained within Articles 5221b-1 to 5221b-22, V.C.S., the question then evolves, "Does the testing, screening, counseling and referring of applicants for the Job Corps, come within the purview of the Act of Congress entitled "An Act to provide for the establishment

of a national employment system and for cooperation with the States in the promotion of such system and for other purposes; approved June 6, 1933 (48 Stat. 113; U.S.C. Tile 29, Sections 49 to 49 1, as amended.)"

The Act of Congress in Article 5221b-10, V.C.S. above referred to, created the United States Employment Service, with appointment and other power in the Secretary of Labor. One section of said Act, Title 29, U.S.C.A., Section 49b, provides in part as follows:

"(a) It shall be the province and duty of the bureau (United States Employment Service) to promote and develop a national system of employment offices for men, women and juniors who are legally qualified to engage in gainful occupations. . . and . . . to assist in establishing and maintaining systems of Public employment offices in the several States and the political subdivisions thereof in which there shall be located a veterans' employment service. The bureau shall also assist in coordinating the public employment offices throughout the country and in increasing their usefulness by developing and prescribing minimum standards of efficiency, assisting them in meeting problems peculiar to their localities, promoting uniformity in their administrative and statistical procedure, furnishing information as to opportunities for employment and other information of value in the operation of the system, and maintaining a system for clearing labor between the States."

Although the power of the Director of the Office of Economic Opportunity to contract with other federal agencies is better spelled out in regard to Work Training Programs /Section 114(c)7 than the Job Corps, the Economic Opportunity Act of 1964, Public Law 88-452, Section 103, does provide in part:

"The director of the Office (hereinafter referred to as the 'Director') is authorized to:

"(a) Enter into agreements with any Federal,State, or local agency or private organization for the establishment and operation, in rural and urban areas, of conservation camps and training centers and for the provision of such facilities and services as in his judgment are needed to carry out the purposes of this part,. . ."

. . .

"(c) Prescribe such rules and regulations and make such arrangements as he deems necessary to provide for the selection of enrollees and to govern the conduct after enrollment, including appropriate regulations as to the circumstances under which enrollment may be treated."

It is the opinion of this office that the Texas Employment Commission can contract with the Director of the Office of Economic Opportunity and the Secretary of Labor for the performance of the services enumerated above upon a determination by the Secretary of Labor or other proper federal authority that such activities come within the purview of the Act of Congress hereinbefore referred to.

## S U M M A R Y

Upon the determination by the Secretary of Labor or other proper federal authority that the testing, screening, counseling and referring of applicants for the Job Corps come within the purview of the Act of Congress entitled "An Act to provide for the establishment of a national employment system and for cooperation with the States in the promotion of such system and for other purposes," approved June 6, 1933 (48 Stat. 113, U.S.C. Title 29, Section 49), as amended, the Texas Employment Commission could contract with the Director of the Office of Economic Opportunity and the Secretary of Labor to perform such services.

Yours very truly

WAGGONER CARR
Attorney General of Texas

By: *Harold G. Kennedy*
Harold G. Kennedy
Assistant

HK/fb
APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman
Jim Broadhurst
Pat Bailey
Paul Phy
Harry Gee
APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone